# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JESUS L. RAMOS,<br>      Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA. | )<br>)<br>)<br>) Case No. 2:12-cv-372-JMS-MJD<br>) Case No. 2:11-cr-0009-JMS-CMM-2<br>) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesus L. Ramos ("Ramos") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

*Background*

On July 19, 2011, Ramos was named in count 1 of a Superseding Indictment, which charged him (and thirteen co-defendants) with conspiracy to possess with intent to distribute and to distribute fifty grams or more of actual methamphetamine and five hundred grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Ramos was not named in any of the remaining counts of the Superseding Indictment.

On October 24, 2011, Ramos filed a petition to enter a plea of guilty. The parties submitted a written plea agreement on that same date. On February 23, 2012, a change of plea hearing was conducted. At that hearing, the Court determined that Ramos' plea of guilty was knowingly and voluntarily entered and that a factual basis to support the plea was established. The Court then accepted Ramos' plea of guilty and adjudged him guilty as charged.

The Court conducted a sentencing hearing on March 22, 2012. At that hearing, the Court determined that Ramos' advisory sentencing guidelines total offense level was 35 and his criminal history category was I, resulting in a sentencing guidelines range of 168 to 210 months imprisonment. The Court sentenced Ramos to a term of imprisonment of 168 months to be followed by five years of supervised release. Judgment of conviction was entered on the docket on March 22, 2012.

Ramos did not appeal his conviction or his sentence. On December 17, 2012, Ramos filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He filed supplemental claims on June 17, 2013, and on July 24, 2013. The government has responded to all claims.

*Terms of Plea Agreement*

The plea agreement provided that Ramos would plead guilty to count 1 of the Superseding Indictment. Plea Agreement, ¶ 1. The plea agreement also set forth a number of stipulations between the parties to be used to calculate Ramos' advisory sentencing guidelines range. Plea Agreement, ¶¶ 11, 12(a)(b)(c)(d)(e) and (f). As part of the plea agreement, and "in exchange for the concessions made by the United States in [the] Plea Agreement, [Ramos] agrees that in the event the Court adopts the Sentencing Guidelines Stipulations set forth herein and sentences [Ramos] to a term of imprisonment within the guideline range determined in accordance therewith, or lower, regardless of how the sentence is calculated by the Court, [Ramos] expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code 3742." (Plea Agreement ¶ 7). "Additionally, [Ramos] expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255." *Id.*

The plea agreement was submitted pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B). The guidelines calculation set forth in the plea agreement contemplated a total offense level of 35, and the determination of Ramos' criminal history category was left to the Court.

*Discussion*

In his initial pleading (dkt. 1, 2), Ramos' claims are that 1) counsel failed to object to the government's contention that Ramos played a leadership role (resulting in a higher sentence), and 2) his sentence created an unwarranted disparity between him and his co-defendants in violation of 18 U.S.C. § 3553(a)(6). Ramos asserts in his first supplemental claim that his counsel was ineffective at sentencing by failing to explain to Ramos the United States Sentencing Guidelines and how it applied to federal offenses committed after November 1, 1987. (dkt 12). His second supplemental claim (dkt. 15) alleges that under *Alleyne v. United States,* 133 S.Ct. 2151 (2013), the enhancements to his base offense level violated his Fifth and Sixth Amendment rights.

The United States responds that all of Ramos' claims are barred by the waiver of post-conviction relief rights in the plea agreement.

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). "It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States,* 726 F.3d 958, 964 (7th Cir. 2013); *see also Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) ("A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement."); *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) ("We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be

enforced.") (internal quotation omitted). Waiver provisions in plea agreements are upheld and enforced with limited exceptions, including 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller*, 657 F.3d at 681.

To overcome a waiver provision in a plea agreement based on ineffective assistance of counsel, a petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim." *Hurlow,* 726 F.3d at 966. "Rather, he must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Id.* at 966-67.

Ramos' first and second claims relate to sentencing. He contends that counsel failed to object to the government's position that Ramos played a leadership role. Ramos does not submit on what basis counsel should have objected to this fact, to which Ramos stipulated in writing. *See* (dkt. 349, Stipulated Factual Basis of the Parties). He also asserts that his sentence created an unwarranted disparity between him and his co-defendants, however he has not identified any such disparity. The Court's sentencing guidelines calculation comported with that in the plea agreement and in the Presentence Investigation Report. These claims do not warrant further discussion because they do not survive the waiver provision. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to counsel's performance at sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief).

Ramos' third claim is that counsel was ineffective by failing to adequately explain the sentencing guidelines. He argues that he was "duped" into believing that he would be sentenced

for the crime of conviction, not under a theory of "relevant conduct." The term of imprisonment for count 1 was a mandatory minimum of 10 years to a maximum of life, pursuant to 21 U.S.C. § 841(b)(1)(A). Ramos' attorney urged the Court to sentence him to 120 months (10 years) incarceration, even though his sentencing range was 168 to 210 months. Ramos was ultimately sentenced to 168 months, far below the maximum sentence he could have received. To the extent Ramos contends that these circumstances rendered his plea not voluntary, he has not shown any objectively deficient performance by counsel. In addition, this claim is barred by the waiver provision in the plea agreement.

Ramos' final claim relies on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that any fact that increases the mandatory minimum sentence for a crime must be submitted to the jury). Such reliance is misplaced. *Alleyne* was issued on June 17, 2013. Judgment of conviction was entered in Ramos' case on March 22, 2012. Although *Alleyne* did establish a new rule of constitutional law, the Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review. *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (the Supreme Court "did not declare that its new rule applies retroactively on collateral attack."). Therefore, *Alleyne* does not apply to Ramos' conviction.

"The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Ramos has not met that burden. Ramos' contentions do not show that his plea agreement was not knowingly and voluntarily made.

Accordingly, the waiver provision is valid and will be enforced. Ramos' § 2255 motion and the supplements thereto are barred by the waiver provision of his plea agreement.

*Denial of Hearing*

Although he has not requested one, Ramos is not entitled to an evidentiary hearing. An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. No hearing is warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Ramos is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:11-cr-0009-JMS-CMM-2.**

**II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Ramos has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: 06/03/2014

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Jesus L. Ramos, No. 11578-027, Federal Prison Camp - Duluth, P.O. Box 1000, Duluth, MN 55814

Electronically registered counsel